Claim Adjusters Association and James J. Manion, Appellants, v. Hine's Legal Directory, Inc. et al., Appellees.

Gen. No. 40,010.

Heard in the third division of this court for the first district at the April term, 1938. Opinion filed November 30, 1938. Rehearing denied December 16, 1938.

EUGENE QUAY, of Chicago, for appellants.

THOMAS D. HUFF and MITCHELL DAWSON, both of Chicago, for certain appellees; HERBERT A. HUFF, of Chicago, of counsel.

CAMPBELL, CLITHERO & FISCHER, of Chicago, for certain other appellee.

MR. PRESIDING JUSTICE HALL delivered the opinion of the court.

Plaintiffs appeal from an order and judgment of the circuit court of Cook county, striking their amended complaint. The substance of the complaint is that plaintiff corporation, together with plaintiff Manion, its president and manager, are engaged in the business

of publishing a list of insurance lawyers and adjusters called "The Insurance Claims Who's Who," and that they rate these lawyers without reference to whether or not they are subscribers, and, it is stated, that plaintiffs are "under no obligation or duty, legal or ethical, to have such lawyers 'authorize their listing and rating.'" It is charged that defendants issued and published a document as follows:

"THE LAWYERS' CONFIDENTIAL GUIDE

1936–1937

"A Complete List of Legal Directors, Law List Publishers, Service Bureaus and Associations, Selling Listings or Memberships to the Attorneys in the U. S. A. and Canada— with ratings

"8th Annual Edition
Published by
LAWYERS' CONFIDENTIAL GUIDE
A. M. Washburn, Sec'y.
33 So. Clark St.          Chicago

"FOREWORD

"We present herewith the eighth annual edition of the 'Lawyers' Confidential Guide,' published annually in the interests of the American and Canadian attorneys as a rating guide in arranging their budgets for Legal Directories or Law Lists subscriptions, and to protect all lawyers against fraudulent advertising schemes, service bureaus, and worthless lists.

"The ratings are based on the consensus of opinion of the leading lawyers' associations, Directory and List publishers, Insurance Companies, Commercial

Agencies, and leading law firms. It is revised annually.

"Subscription Rates . . . . . . . . . . . . $\begin{cases} 1 \text{ year,} & \$5.00 \\ 3 \text{ years,} & \$10.00 \end{cases}$

"Hine's Insurance Counsel    Insurance Legal
Hine's Legal Directory, Inc.  Business and Claim
                              Adjustment 1908 A–1
1st Nat'l Bank Bldg. Chicago
Eastern Office: 220 Broadway, New York.

"Insurance Claim Who's Who  Insurance List 1924
Claim Adjusters Assn. Inc.  (Note.—New Policy
James J. Manion, Mgr.,      of arbitrarily rating
175 West Jackson Blvd.,     attorneys as to ability, character and
Chicago                     ity, character and
                            trial

efficiency in Insurance defense matters, and publishing such ratings without the consent of listees has caused such conflicting reports to reach us that we are unable to assign a suitable rating.)

### "WARNING

"BEWARE of the traveling representative of any list or directory who offers an alibi for a poor rating or implies that our ratings are not based on a reliable consensus of opinion.

"If in doubt, verify rating by communicating with any A–1 publisher or other reliable source of information.

"If solicited for subscription or membership in any 'List,' 'Directory,' 'Bureau' or 'Association' not listed herein, wire or write this office: or if you are a member

of the Commercial Law League communicate with the Secretary's office before subscribing.

Copyright, 1936, by A. M. Washburn,
Printed by the Cuneo Press.''

Plaintiffs' claim is that the statements as to them are libelous *per se,* and that by this publication plaintiff Manion was damaged in the sum of $50,000, the corporation in the sum of $100,000, and that in addition to the actual damages sustained, the further sum of $300,000 should be assessed against the defendants as punitive damages. In brief, after reading a long and complicated statement of alleged facts set forth in the complaint, we conclude that, when summed up, plaintiff's charge is that the Hine's Legal Directory, Inc., by certain of its officers and directors, published a directory of law lists known as ''The Lawyers' Confidential Guide,'' which contained a statement to the effect that the publishers of this directory, for certain stated reasons, set forth in the document, were unable to give a rating to the law list published by plaintiffs, and that plaintiffs have thereby necessarily and inevitably been damaged in the amounts mentioned. It is charged that the Cuneo Press Inc., is liable because it printed the document complained of. Our conclusion is that by no stretch of the imagination can it be said that the document, standing alone, contains any words which can be said to be libelous *per se.* There is no charge in the complaint that defendants were under any obligation to give plaintiffs a rating, nor that defendants, in declining to give plaintiffs a rating, were induced to do so by malice. Therefore, we are of the opinion that the court was correct in striking the complaint.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

HEBEL and DENIS E. SULLIVAN, JJ., concur.